UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VAUGHN COOK, <br> Plaintiff, <br> v. <br> IRONWOOD STATE PRISON, ET AL., <br> Defendant(s). | Case No. CV 18-10786-JVS (KK) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Christopher Vaughn Cook ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Felix, Rincon, Alamillo, Saldivar, and Lopez ("Defendants") in their individual capacity. Because the Complaint violates Federal Rule of Civil Procedure 8 ("Rule 8"), the Court DISMISSES the Complaint with leave to amend.

///

///

///

///

## II.
## **BACKGROUND**

On January 1, 2019, Plaintiff, who is currently incarcerated at Lancaster State Prison in California, constructively filed[1] a Complaint appearing to allege sexual harassment, medical indifference, and/or excessive force claims against Defendants. ECF Docket No. ("Dkt.") 1.

In describing his claims, Plaintiff alleges:

On or about November 16, 2018, I survived a lethal injection misconduct due to surgical silicone inquiry and maljunction [sic]. A sex abuse scandilousness [sic] has occurred during the critical-situation in me being mishandled before being strapped into a gurney. My bodily area around the Maximus-Gluteus was compressed from an officer's fist forceful toward me obstructing a hernia from beneath the clothing punches to my femur causing to an effect another massive hernia. Harassment for me to meet discouregent [sic] also manipulate me to validate a withdraw M.D.I. prior on the date of 11/15/18. Furthermore to disregard my characteristic a wound and scar on the nose to validate cause for serious health recovery reconnaissance. As a while laying prone on my belly my forehead impacted "jarhead" violence strenuous blood on my skin to inact [sic] further supervilious [sic] degradation of multiple lashes.

Dkt. 1 at 5.

As relief, Plaintiff contends he is "more than definitel[]y [e]ntitled to the maximum amount if any and all purgury [sic] accounts in high regard to entitlement." Dkt. 1 at 6.

///
///

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

# III.
# **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007).

In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## **DISCUSSION**

### A. THE COMPLAINT FAILS TO COMPLY WITH RULE 8

#### 1. Applicable Law

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (citation omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses

confidence in the court's ability to administer justice." Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted); see McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." Id. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"); see also Cafasso, 637 F.3d at 1059 (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals); Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same).

**2.  Analysis**

Here, the Court cannot discern the nature of Plaintiff's claims or the facts upon which they are based. See Cafasso, 637 F.3d at 1059; McHenry, 84 F.3d at 1177. Plaintiff does not set forth a "short and plain statement" of his claims. See Dura Pharms., Inc., 544 U.S. at 346. While Plaintiff references claims of sexual harassment, medical indifference, and/or excessive force, the Court cannot decipher the substance of or basis for the claims. Additionally, Plaintiff fails to identify what action each defendant took and how each defendant's actions resulted in harm to him. Absent such information, the Complaint fails to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest. See id. Unclear pleadings, such as the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," are subject to dismissal under Rule 8. Little v. Baca, No. CV 13–0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013); see Clayburn v. Schirmer, No.

1 | CIV S-06-2182-ALA (P), 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008)
2 | (Alarcón, Circuit J., sitting by designation) (dismissing under Rule 8 and noting "[t]he
3 | court (and any defendant) should be able to read and understand Plaintiff's pleading
4 | within minutes").

If Plaintiff wishes to amend his complaint, Plaintiff must state each claim separately and identify proper defendants for each claim. In addition, for each claim, Plaintiff should clearly, precisely, and briefly identify the legal basis and the facts underlying it. Hence, in an amended complaint, **Plaintiff should clearly state:**

1) **What actions were committed by each alleged defendant;**
2) **When and where the alleged actions were committed by each defendant;**
3) **What harm resulted from alleged actions by each defendant; and,**
4) **What statute or constitutional right was violated because of the alleged actions by each defendant**.

Plaintiff should only include facts necessary to state a claim and need not include unsupported argument or conclusions.

**V.**

**LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. County of Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to dismisses the action.**

Dated: January 22, 2019

*[signature]*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge